IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DODOTS LICENSING SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., BEST BUY STORES, L.P., BESTBUY.COM, LLC, AND BEST BUY TEXAS.COM, LLC,<br><br>Defendants. | Case No. 6:22-cv-00535-ADA-DTG |

**DEFENDANTS' OPPOSED MOTION TO SEVER AND STAY CLAIMS AGAINST
BEST BUY UNDER THE CUSTOMER-SUIT EXCEPTION**

Defendants Samsung Electronics Co., Ltd. ("SEC"), Samsung Electronics America, Inc. ("SEA") (collectively, "Samsung"), Best Buy Stores, L.P., BestBuy.com, LLC, and Best Buy Texas.com, LLC (collectively, "Best Buy") move to sever and stay Plaintiff DoDots Licensing Solutions LLC's ("DoDots") claims against Best Buy under the customer-suit exception.

**I.     INTRODUCTION**

DoDots asserts three patents in this suit, alleging that Best Buy infringes two of them—U.S. Patent Nos. 8,020,083 ("the '083 patent"), and 8,510,407 ("the '407 patent"). The Court should sever and stay the claims against Best Buy. A straightforward application of the customer-suit exception results in this relief.

DoDots' complaint plainly accuses Best Buy of infringement merely by virtue of it reselling the accused Samsung devices. DoDots does not allege any Best Buy-created hardware or software meets the claim limitations. Instead, DoDots identifies only Samsung hardware, Google Android software, and third-party applications, or "apps," as the functionality purportedly

meeting the claim limitations. As such, besides asserting one less patent, DoDots' case against Best Buy is duplicative of its case against Samsung.

Every applicable customer-suit exception and traditional stay factor favors severing and staying DoDots' claims against Best Buy. As for the customer-suit exception factors, DoDots' complaint unambiguously alleges Best Buy infringes because it resells the accused Samsung products. Samsung is the sole supplier of these products, and Best Buy agrees to be bound by the outcome of DoDots' claims against Samsung. As for the traditional stay factors, staying DoDots' claims against Best Buy would not prejudice or tactically disadvantage DoDots. Rather, a stay would conserve significant Court and litigant resources given the case is in its infancy and resolution of DoDots' claims against Samsung would resolve the entire case.

For these reasons, the Court should sever and stay DoDots' claims against Best Buy.

## II. BACKGROUND

DoDots' complaint alleges that Samsung and Best Buy infringed the '083 patent, the '407 patent, and that Samsung also infringed U.S. Patent Nos. 9,369,545 ("the '545 patent"). The asserted patents generally describe devices and methods for accessing/receiving content and displaying it on an electronic device. *See* Dkt. 29 (First Am. Compl., or "FAC"), Ex. 5 ('545 patent) at Abstract; Ex. 6 ('083 patent) at Abstract; Ex. 7 ('407 patent) at Abstract. The '545 patent's claims recite methods of obtaining and displaying content over a network to a user. *See* FAC, Ex. 5 ('545 patent) at claims 1, 16. The '083 patent's claims teach a client device that displays received content, or a method of presenting content to a user. FAC, Ex. 6 ('083 patent) at claims 1, 9. The '407 patent's claims are drawn to a client device configured to access and present content, or a method for the same. FAC, Ex. 7 ('407 patent) at claims 1, 13.

DoDots' infringement allegations concern the operation of certain Samsung devices,[1] as well as the Google Android operating system and software running on those devices,[2] and in particular, how those devices download and display apps[3] on a graphical user interface. FAC ¶¶ 58-62. DoDots alleges that Samsung directly infringes "[b]y making, selling, offering for sale, and importing the Accused Samsung Devices that require the Accused Samsung Software which executes specific code to obtain, install, and use Samsung-Supported Apps." FAC ¶ 62. DoDots also alleges Samsung directly infringes "by making, selling, offering for sale, importing, operating, and using the Accused Samsung Software installed and running on the Accused Samsung Devices that require the Accused Samsung Software, which executes specific code to obtain and utilize

---

[1] The "Accused Samsung Devices" are "devices including Samsung Galaxy Z Series Mobile Phones, Galaxy S Series Mobile Phones, Galaxy Note Series Mobile Phones, Galaxy A Series Mobile Phones, Galaxy M Series Mobile phones, and Galaxy Tab Series Tablets." FAC ¶ 58.

[2] DoDots' complaint states:

> [W]ith each device, Samsung launched and continues to operate, use, and sell an operating system customized from the Android OS (e.g. Android OS12, OS 11, QOS 10, Pie (9.0),Oreo (8.0), Nougat (7.0), Marshmallow (6.0), Lollipop (5.0), KitKat (4.4), Jellybean (4.3, 4.2 and 4.1), Ice Cream Sandwich (4.0), Honeycomb (3.0), Gingerbread (2.3), Froyo (2.2), Éclair (2.1), Donut (1.6) (collectively, "the Samsung OS") along with other software (*e.g.*, installers, the Play Store app, and the Galaxy App Store app) that are pre-installed or updated on each Accused Samsung Device (the "Accused Samsung Software"). Samsung programmed, customized, preinstalled, and developed the Accused Samsung Software specifically for its Accused Samsung Devices and is directly responsible for, and has direct control over the use of the Samsung OS along with other software.

FAC ¶ 59.

[3] Rather than identify particular apps that are relevant, DoDots broadly recites "Samsung-Supported Apps" that purportedly can be executed on the Accused Samsung Devices. FAC ¶ 60.

Samsung-Supported Apps." *Id.* DoDots lodges several related indirect infringement allegations against Samsung.[4] *Id.* at ¶¶ 119, 126, 133.

DoDots' complaint alleges Best Buy directly infringes the '083 and '407 patents—the two asserted patents featuring apparatus claims—because Best Buy "has used, sold, sells, and offers for sale in its stores in this district certain Accused Samsung Devices" and "sold and offered for sale each of the Accused Samsung Devices in this district through its online store." FAC ¶¶ 108-09; *see also id.* at ¶¶ 138-49. The complaint's only remaining references to Best Buy are limited to jurisdiction and venue. *See generally* FAC ¶¶ 9-11, 23-27.

## III. LEGAL STANDARDS

A trial court has broad discretion to sever and stay claims for judicial economy. *See Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000) ("[A] trial court has broad discretion to sever and remand cases . . . ."); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Under Rule 21 of the Federal Rules of Civil Procedure, a court may "sever any claim against a party." Fed. R. Civ. P. 21.

"When a patent owner files an infringement suit against a manufacturer's customer and the manufacturer then files an action of noninfringement or patent invalidity, the suit by the manufacturer generally take precedence." *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014) (first citing *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011); and then citing *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir.

---

[4] Defendants have moved under Fed. R. Civ. P. 12(b)(6) to dismiss, *inter alia*, DoDots' indirect infringement allegations against Samsung. *See* Dkt. 38.

4

1990)). This principle often applies as the "customer-suit exception" to the "first-to-file" rule, i.e., an exception to the general rule that the first filed suit takes precedence that applies when a customer is sued before a manufacturer. However, the exception applies with full force where a plaintiff sues a manufacturer and its customer simultaneously in the same action. *See id.* ("While the circumstances of this case differ from those of the customer-suit exception, we agree with the district court that the same general principles govern . . . ."); *see also Flygrip, Inc. v. Walmart Inc.*, No. 6:21-CV-01082-ADA, 2022 WL 2373714, at *4 (W.D. Tex. June 29, 2022); *Cellular Commc'ns Equip., LLC. v. Apple Inc.*, No. 6:14-CV-251, 2016 WL 6884648, at *3 (E.D. Tex. Aug. 26, 2016).

The customer-suit exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citing *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737-38 (1st Cir. 1977)). "To warrant a stay of the customer suit, the case involving the manufacturer 'need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Flygrip*, 2022 WL 2373714, at *2 (quoting *Spread Spectrum*, 657 F.3d at 1358). "Courts are instructed to use a 'flexible approach' to avoid wasteful expenditure of resources, and therefore 'stay [] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected.'" *Id.* (quoting *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014)).

Courts consider the following factors to determine if the customer-suit exception applies:

(1) whether the customer-defendant . . . is merely a reseller;

(2) whether the customer-defendant agrees to be bound by any decision in the [manufacturer] case that is in favor of the patent owner; and

(3) whether the manufacturer is the only source of the infringing product.

5

*Id.* (citations omitted). The "guiding principles . . . are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d. at 1357 (citation omitted).

In addition, courts consider the following traditional factors to determine whether a stay is appropriate:

> (1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party;
>
> (2) whether a stay will simplify the uses and trial of the case;
>
> (3) whether discovery is completed; and
>
> (4) whether a trial date has been set.

*Flygrip*, 2022 WL 2373714, at *2 (citations omitted).

However, if a court determines a stay is appropriate under the customer-suit exception factors, that determination is often dispositive. *See id.* at *4 (declining to address the traditional stay factors); *see also GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *3 (W.D. Tex. Apr. 6, 2022) ("The Court gives great weight to the three factors considered under the customer-exception. But, for the sake of completeness, the Court considers the traditional stay factors and rejects Plaintiff's concerns as to each.").

## IV. ARGUMENT

All the applicable factors favor severing and staying DoDots' infringement claims against Best Buy.

*First*, the customer-suit exception factors favor severing and staying those claims. DoDots' complaint alleges Best Buy infringes on the ground that it resells the accused Samsung products. Best Buy further agrees to be bound by the outcome of DoDots' claims against Samsung.

*Second*, the traditional stay factors favor staying DoDots' claims against Best Buy. Staying DoDots' claims against Best Buy would not prejudice or tactically disadvantage DoDots, but

6

would conserve significant resources of the court and the litigants given the case is in its infancy and resolution of DoDots' claims against Samsung would resolve the entire case.

### A. The Customer-Suit Exception Applies to DoDots' Claims Against Best Buy

All three customer-suit exception factors favor severing and staying DoDots' claims against Best Buy.

#### 1. Best Buy merely resells the accused Samsung devices.

The first customer-suit exception factor examines whether Best Buy is merely a reseller of Samsung's products. There can be no dispute that this is true, as DoDots' complaint alleges Best Buy's "infringing activities" are selling and offering for sale the Accused Samsung Devices.[5] *See* FAC ¶¶ 108-11. Counts IV and V—DoDots' claims as to Best Buy's alleged infringement of the '083 and '407 device patents—similarly rely upon the mere activities of a reseller: "supplying, distributing, importing, exporting, selling, and/or offering for sale in the United States" the accused Samsung products. FAC ¶¶ 140, 146.

Further, DoDots' complaint does not allege Best Buy designs or makes any of the hardware or software that purportedly practices the claim limitations. Instead, DoDots identifies Samsung hardware and Android software as meeting the claim limitations. *See* FAC ¶¶ 82-94 ('083 patent); *id.* at ¶¶ 95-107 ('407 patent). Nor does DoDots' complaint allege Best Buy modifies any of these accused functionalities for its retail business. *See id.* The complaint is therefore clear that, for all

---

[5] To the extent DoDots relies on any allegation that Best Buy directly infringes by using the Accused Samsung Products, any such claims would be exhausted by DoDots' claims against Samsung. *Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product."). Such allegations therefore do not weigh against severing and staying DoDots' claims against Best Buy.

7

relevant purposes, Best Buy is the customer of Samsung, the "true defendant" in this case. *See Nintendo*, 756 F.3d at 1365; *see also Flygrip*, 2022 WL 2373714, at *2; *GreatGigz*, 2022 WL 1037114, at *2-3.

Since Best Buy simply resells the accused Samsung products, DoDots' case against Best Buy is duplicative of its case against Samsung. DoDots' infringement claims will be exhausted if DoDots prevails against Samsung. *See Glenayre*, 443 F.3d at 864. And given DoDots' complaint does not allege any Best Buy functionality meets any claim limitation, DoDots cannot prove that Best Buy infringes if Samsung does not infringe. *See* FAC ¶¶ 82-107.

The complaint, moreover, offers no suggestion that the technical infringement and validity analyses for Best Buy will be any different than for Samsung. This creates a "high probability" of mirror image issues as between Best Buy and Samsung, which favors severing and staying DoDots' claims against Best Buy. *See Flygrip*, 2022 WL 2373714, at *3. Because DoDots limits its infringement allegations against Best Buy to the mere resale of the Accused Samsung Devices, this factor favors severing and staying DoDots' claims against Best Buy.

### 2. Best Buy agrees to be bound by the outcome of DoDots' claims against Samsung.

The second customer-suit exception factor is whether the customer agrees to be bound by the outcome of the case as it relates to the manufacturer. Here, Best Buy so agrees to be bound by whatever outcome befalls Samsung in the case. Therefore, this factor favors severing and staying the claims against Best Buy under the customer-suit exception. *GreatGigz*, 2022 WL 1037114, at *3; *Flygrip*, 2022 WL 2373714, at *3.

### 3. Samsung is the sole supplier of the accused products.

The third and final customer-suit exception factor is whether the manufacturer is the sole source of the accused products. According to DoDots' allegations, Samsung is indeed the sole

8

supplier of all the Accused Samsung Devices. *See* FAC ¶ 58 (listing the "Accused Samsung Devices").

DoDots' complaint alleges Best Buy infringes by virtue of reselling the Accused Samsung Devices. FAC ¶¶ 108-09; *see also id.* at ¶¶ 138-49. The complaint in this case does not implicate any supplier of those products other than Samsung. *See generally* FAC. This factor therefore favors severing and staying DoDots' claims against Best Buy. *GreatGigz*, 2022 WL 1037114, at *3 (holding third factor cuts in favor of stay as manufacturer "is the source of the infringing products identified in [plaintiff]'s Complaint").

### B. The Traditional Stay Factors Favor Staying DoDots' Claims Against Best Buy

Because this case involves a straightforward application of the customer-suit exception factors, all of which resolve in favor of a stay, analysis of the traditional factors is superfluous. *See Flygrip*, 2022 WL 2373714, at *4. Nonetheless, all the traditional stay factors also favor staying DoDots' claims against Best Buy.

#### 1. A stay will neither prejudice nor tactically disadvantage DoDots.

Relevant to the first traditional factor, a stay of DoDots' claims against Best Buy would not delay DoDots' ability to litigate its claims against Samsung, the manufacturer of the Accused Samsung Devices. *GreatGigz*, 2022 WL 1037114, at *3 ("A stay here—where all the accused products come from the Supplier Instacart—does not delay [plaintiff] from litigating the question of infringement as to those products in the Supplier Suit."). No scheduling order has issued, and the defendants are not requesting that any case deadlines be pushed back. *See id.*

Moreover, as explained above, DoDots' complaint does not allege any Best Buy-made hardware or software meets the claim limitations, and so DoDots' claims against Best Buy rise or fall with its claims against Samsung. *See supra* § IV(A)(1). Further, in view of the complaint's

9

allegations, the technological information relevant to this case resides with Samsung or third-parties (such as Google), not with retailer Best Buy. For these reasons, staying DoDots' claims against Best Buy would not prejudice or tactically disadvantage DoDots.

### 2. A stay will simplify the issues and trial of the case.

The second traditional factor relates to whether a stay will simplify the issues and trial of the case. It would here, mainly by resolving the major case issues with a streamlined set of defendants. Having less parties involved in the day-to-day litigation of the case will simplify discovery and ultimately trial.

As explained above, the complaint does not rely on any Best Buy-created hardware or software to meet the claim limitations; instead, DoDots accuses functionality including Samsung's hardware, Google Android software, and third-party apps of infringing. *See supra* §§ IV(A)(1), IV(B)(1). For this reason, DoDots' case against Best Buy is duplicative of its case against Samsung in all material respects. *Id.* Even if peripheral issues relating to Best Buy were to remain unresolved by the DoDots-Samsung litigation, a stay is nevertheless appropriate here because it would simplify the issues and streamline the proceeding. *Spread Spectrum*, 657 F.3d at 1358 (a stay of the customer suit need only have the potential for the on-going case to resolve the "major issues . . . not every issue"); *GreatGigz*, 2022 WL 1037114, at *3 ("Even if a finding that [supplier] is liable would not preclude recovery entirely, it would significantly simplify the infringement claims against these Defendants."); *Flygrip*, 2022 WL 2373714, at *2 ("Courts are instructed to use a 'flexible approach' to avoid wasteful expenditure of resources, and therefore 'stay [ ] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected.'" (quoting *Google*, 588 F. App'x at 991)). This factor also favors staying DoDots' claims against Best Buy.

10

### 3. Discovery is not completed, and no trial date has been set.

This case is in its infancy. The defendants have only just responded to the complaint thirteen days ago. Discovery has not begun, and a trial date is not set. Therefore, the third factor (whether discovery is completed) and the fourth factor (whether a trial date has been set) favor staying DoDots' claims against Best Buy. *GreatGigz*, 2022 WL 1037114, at *3 ("A stay would therefore not uproot any minimal progress made in these cases.").

### V. CONCLUSION

For all the above reasons, the Court should sever and stay DoDots' claims against Best Buy.

Dated: October 24, 2022

Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
David M. Hoffman
TX Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Michael J. McKeon
DC Bar No. 459780
Adam R. Shartzer
DC Bar No. 994420
shartzer@fr.com
Michael J. Ballanco
VA Bar No. 87293
ballanco@fr.com
Ben Christoff
christoff@fr.com
DC Bar No. 1025635

Irene Hwang
CA Bar No. 344798
hwang@fr.com
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

**COUNSEL FOR DEFENDANTS,
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
BEST BUY STORES, L.P., BESTBUY.COM, LLC,
AND BEST BUY TEXAS.COM, LLC**

### **CERTIFICATE OF CONFERENCE**

The parties met and conferred in good faith regarding the relief sought in this motion, and Plaintiff, DoDots Licensing Solutions LLC ("DoDots") indicated that it would oppose this motion.

*/s/ David M. Hoffman*
David M. Hoffman

### **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on October 24, 2022, and it was served via CM/ECF on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| DODOTS LICENSING SOLUTIONS LLC,<br><br>**Plaintiff,**<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., BEST BUY STORES, L.P., BESTBUY.COM, LLC, AND BEST BUY TEXAS.COM, LLC,<br><br>**Defendants.** | Case No. 6:22-cv-00535-ADA-DTG |

**ORDER GRANTING DEFENDANTS' MOTION TO SEVER AND STAY CLAIMS AGAINST BEST BUY UNDER THE CUSTOMER-SUIT EXCEPTION**

The Court has considered Defendant's Motion to Sever and Stay Claims Against Best Buy Under the Customer-Suit Exception (the "Motion") and all related arguments and filings in support of and in opposition to the Motion. The Court is of the opinion that the Motion should be GRANTED.

IT IS THEREFORE ORDERED that Defendant's Motion to to Sever and Stay Claims Against Best Buy Under the Customer-Suit Exception is GRANTED.

IT IS FURTHER ORDERED that all claims by DoDots Licensing Solutions LLC against Best Buy Stores, L.P., BestBuy.com, LLC, and Best Buy Texas.com, LLC are severed and stayed.

SO ORDERED this _____ day of _____, 2022.

_____
HONORABLE ALAN D. ALBRIGHT
UNITED STATES DISTRICT JUDGE