# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | |
|---|---|
| DODOTS LICENSING SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., BEST BUY STORES, L.P., BESTBUY.COM, LLC, AND BEST BUY TEXAS.COM, LLC,<br><br>Defendants. | Case No. 6:22-cv-00535-ADA-DTG |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO SEVER AND STAY CLAIMS
AGAINST BEST BUY UNDER THE CUSTOMER-SUIT EXCEPTION**

# TABLE OF CONTENTS

I. INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 2

    A. The Customer-Suit Factors Weigh In Favor of Severing and Staying DoDots' Claims against Best Buy ........................................................................ 2

        1. DoDots Does Not Dispute That the Customer-Suit Factors Favor Severing and Staying as to Best Buy ........................................................... 2

        2. *Dell* Does Not Foreclose the Application of the Customer-Suit Exception ................................................................................................... 3

        3. *UroPep* and *Broadcom* Do Not Foreclose the Application of the Customer-Suit Exception ......................................................................... 5

    B. The Traditional Stay Factors Weigh In Favor of Severing and Staying DoDots' Claims against Best Buy ........................................................................ 8

III. CONCLUSION ................................................................................................................ 10

i

# TABLE OF AUTHORITIES

**Cases**                 **Page(s)**

*Blue Gentian, LLC v. Telebrands Corp.*,
   2014 U.S. Dist. LEXIS 194568 (D.N.J. July 14, 2014) ................................................................. 5

*Blue Gentian, LLC v. Telebrands Corp.*,
   2014 U.S. Dist. LEXIS 194573 (D.N.J. Apr. 30, 2014) ............................................................ 4, 5

*Blue Gentian, LLC v. Telebrands Corp.*,
   No. 1:13-cv-04627 (D.N.J. Oct. 2, 2014), ECF No. 115 ............................................................. 5

*Cal. Inst. Of Tech. v. Broadcom Ltd.*,
   2019 U.S. Dist. LEXIS 231027 (C.D. Cal. 2019) ............................................................... 5, 7, 8

*Cal. Inst. of Tech. v. Broadcom Ltd.*,
   25 F.4th 976 (Fed. Cir. 2022) ....................................................................................................... 9

*In re Dell Inc.*,
   600 F. App'x 728 (Fed. Cir. 2015) ...................................................................................... passim

*Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*,
   2016 U.S. Dist. LEXIS 55205 (E.D. Tex. Apr. 26, 2016) .................................................. passim

*Flygrip, Inc. v. Walmart Inc.*,
   No. 6:21-CV-01082-ADA, 2022 WL 2373714 (W.D. Tex. June 29, 2022) ............................... 8

*Glenayre Elecs., Inc. v. Jackson*,
   443 F.3d 851 (Fed. Cir. 2006) .............................................................................................. 7, 8, 9

*Helferich Pat. Licensing, LLC v. New York Times Co.*,
   778 F.3d 1293 (Fed. Cir. 2015) .................................................................................................... 7

*In re Nintendo of Am., Inc.*,
   756 F.3d 1363 (Fed. Cir. 2014) ................................................................................................ 5, 6

I.      INTRODUCTION

DoDots' opposition never once disputes that the three customer-suit factors applied by courts all weigh in favor of severing and staying the case. It simply ignores the cases Defendants' brief cites—including ones from this district—that apply those factors in factually similar situations and issue a stay as a result. DoDots' inability to make an argument under these factors, or present an opposition to the case law, should prove dispositive.

Unable to grapple with the legal test, DoDots instead resorts to arguing that the customer-suit exception "does not apply" here, an argument based on its misreading of two cases. First, DoDots wrongly contends that *Dell* stands for the principle that "the customer-suit exception does not apply to a single action where there are no grounds for a separate action against Best Buy." Opp. 1. But no such principle appears anywhere in *Dell*, a case that is not applicable here. Second, DoDots contends that, under *UroPep*, severing and staying a customer suit is inappropriate where the manufacturer is accused of indirect infringement and the customer is accused of direct infringement. Like *Dell*, *UroPep* does not lend support for that broad notion DoDots asserts. *UroPrep* involved distinct and irrelevant factual circumstances where only therapeutic treatment method claims were at issue, and only the customer carried out the claimed method steps. Moreover, DoDots' arguments run afoul of the patent exhaustion doctrine, which prohibits double-recovery from both a manufacturer and its customer for the same products based on the same patent claims. At bottom, DoDots fails to counter the three customer-suit factors, which compel staying the case, and is forced to grasp at straws instead.

DoDots likewise fails to show why the traditional stay factors do not also favor severing and staying DoDots' case against Best Buy. DoDots repackages its legally flawed argument that DoDots should be permitted to recover from both Samsung and Best Buy for serial sales of the same products based on the same apparatus patent claims. Not so. Relatedly, DoDots speculates

1

about future difficulty in obtaining discovery on Samsung Electronics Corp.'s ("SEC") sales of products to Best Buy on account of SEC being located in Korea.  Such speculation does not amount to prejudice and does not create a basis for denying this motion.  Nor does the customer-suit exception discriminate against a named supplier on account of its foreign location.  The Court should therefore grant Defendants' motion to sever and stay DoDots' case as it relates to Best Buy.

II.   ARGUMENT

    A.   **The Customer-Suit Factors Weigh In Favor of Severing and Staying DoDots' Claims against Best Buy**

DoDots does not respond to, or appear to challenge, Defendants' argument that all three customer-suit factors weigh in favor of severing and staying DoDots' claims against Best Buy.  As Defendants' motion explains, those factors weigh in favor of a stay because (i) Best Buy is merely a reseller; (ii) Best Buy agrees to be bound by a decision against Samsung; and (iii) Samsung is the only source of the alleged infringing product.  *See* Mot. 7-9.  DoDots also does not address the cases from this district applying the customer-suit factors that Defendants cited in their motion.  Instead of arguing those factors, DoDots argues that the customer-suit exception does not apply at all under *Dell* and *UroPep*.  But neither case supports DoDots' argument.

        1.   **DoDots Does Not Dispute That the Customer-Suit Factors Favor Severing and Staying as to Best Buy**

DoDots does not meaningfully dispute that the customer-suit factors weigh in favor of severance and a stay.  *First*, DoDots agrees that Best Buy is a mere reseller of the accused Samsung products.  DoDots admits that Best Buy purchases Samsung's accused products.  *See* Opp. 3 ("Best Buy, the customer in this case, is located in this district and purchases the accused Samsung devices from Samsung in this district.").  DoDots also admits that its infringement case against Best Buy is based on Best Buy's alleged offer and sale of the accused Samsung products.  Opp. 4 ("Here, DoDots' allegations against Best Buy defendants are that they, as the customer, directly infringe

2

by, *inter alia*, offering to sell and selling the Accused Samsung Devices"). DoDots also nowhere contends that Best Buy has designed or manufactured any aspect of the accused functionality. DoDots therefore makes no substantial challenge to Best Buy's status as a mere reseller of the accused Samsung products. *Second*, DoDots does not challenge (nor could it) that Best Buy agrees to abide by the outcome of DoDots' case against Samsung. *Third*, DoDots not dispute that Samsung is the "sole supplier" of the accused Samsung products.[1]

Absent any meaningful opposition on these factors, the Court should grant Samsung's motion. This is demonstrated by the cases from this district Defendants cited in their motion to which DoDots does not respond. *See* Mot. 6-9 (citing *Flygrip, Inc. v. Walmart Inc.*, No. 6:21-CV-01082-ADA, 2022 WL 2373714, at *4 (W.D. Tex. June 29, 2022); *GreatGigz Sols., LLC v. Costco Wholesale Corp.*, No. 6-21-CV-00807, 2022 WL 1037114, at *3 (W.D. Tex. Apr. 6, 2022)).

### 2. *Dell* Does Not Foreclose the Application of the Customer-Suit Exception

DoDots relies on *In re Dell Inc.*, 600 F. App'x 728 (Fed. Cir. 2015) (nonprecedential), to support its attempt to revise the law with the following proposition: "the customer-suit exception does not apply to a single action against both the customer and manufacturer where there is no basis for a separate action against the customer because under those circumstances there is no risk of duplicative litigation." Opp. 2. But *Dell* does not state that proposition, and moreover, it nowhere proscribes the application of the customer-suit exception. *See generally Dell*, 600 F. App'x at 729-30. To the contrary, the *Dell* court suggested that the district court could have exercised its discretion to stay the case. The *Dell* court did so by recognizing that "the claims here

---

[1] Although DoDots complains about potential discovery complexity in the context of arguing the traditional stay factors, *see* Opp. 6, DoDots nowhere challenges that the third customer-suit factor weighs in favor of stay, i.e., that its allegations are solely directed at Samsung for supplying the accused Samsung products.

3

are related, and the complexity of the case could perhaps be simplified by a stay of some aspects of the proceedings while others go forward." *Id.* at 730. After making this pronouncement, and discussing that the district court reached a different conclusion, the *Dell* court said it was "not prepared to say [the district court's] conclusion was so far outside the district court's considerable discretion in managing its own docket to take the extraordinary step of issuing mandamus." *Id.*

*Dell*'s deferential holding is a far cry from the absolute bar on use of the customer-suit exception that DoDots espouses. DoDots' reliance on *Dell*—a case far more complex than here— only confirms applicability of the customer suit exception to this case, with its duplicative garden-variety supplier/customer claims against the same products with the same patents.

DoDots next articulates a set of unclear and seemingly contradictory arguments—all of which should be dismissed. For example, it is unclear what DoDots means when it contends that, in this case, there is "no basis for a separate action" or "no grounds for a separate action" against Best Buy. *See* Opp. 1-2. To the extent DoDots means that its case against Best Buy is dependent upon its case against Samsung by virtue of Best Buy's status as a reseller, Samsung agrees. That understanding is consistent with DoDots' own allegations that Best Buy infringes by virtue of reselling the accused Samsung products. *See, e.g.*, Opp. 3; First Amended Complaint, Dkt. 29 ("FAC"), ¶¶ 108-11. However, DoDots then adopts the polar-opposite position that "there is absolutely no risk" of duplicative proceedings. Opp. 2-3. DoDots similarly cites *Blue Gentian, LLC v. Telebrands Corp.*, 2014 U.S. Dist. LEXIS 194573, at *13 (D.N.J. Apr. 30, 2014), for the notion that the "risk" of duplicative proceedings is "eliminated" by the fact that Samsung and Best Buy are represented by the same counsel. Opp. 3. However, as with *Dell*, DoDots overstates *Blue Gentian*, which nowhere declares that duplication of proceedings is eliminated by the fact that the customer and manufacturer defendants are represented by the same counsel. *See generally Blue*

4

*Gentian*, 2014 U.S. Dist. LEXIS 194573. DoDots' reliance on *Blue Gentian* is all the more puzzling because it is not good law. There, the district court rejected the magistrate's recommendation and sent the issue back for further consideration in light of *In re Nintendo of Am., Inc.*, 756 F.3d 1363 (Fed. Cir. 2014). *See Blue Gentian, LLC v. Telebrands Corp.*, 2014 U.S. Dist. LEXIS 194568, at *1-2 (D.N.J. July 14, 2014). Subsequently, the magistrate reversed course by severing and staying the retailer defendants under *Nintendo*. *See* Opinion at 7-11, *Blue Gentian, LLC v. Telebrands Corp.*, No. 1:13-cv-04627 (D.N.J. Oct. 2, 2014), ECF No. 115. In short, DoDots fails to explain how the customer-suit exception "does not apply" in this case under *Dell*.

### 3. *UroPep* and *Broadcom* Do Not Foreclose the Application of the Customer-Suit Exception

DoDots next cites *UroPep* and *Broadcom* to argue that the customer-suit exception does not apply here on the ground that DoDots accuses Samsung of indirect infringement and Best Buy of direct infringement. Neither case supports DoDots' position.

Once again, DoDots overstates a holding of a decision to support its argument, this time with *UroPep*, which is an inapposite case. In *UroPep*, plaintiff UroPep asserted **only method claims** drawn to a therapeutic method of treating benign prostatic hyperplasia (BPH) using certain compounds. *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, 2016 U.S. Dist. LEXIS 55205, at *2, *7 (E.D. Tex. Apr. 26, 2016). Accordingly, "there [was] no suggestion that [the accused drug] Cialis infringe[d] 'off the shelf.'" *Id.* at *8. Instead, UroPep alleged that Cialis's manufacturer, Lilly, indirectly infringed by making the drug and inducing customers—including its co-defendant, Brookshire—to directly infringe **by carrying out the claimed therapeutic method steps**. *Id.* Therefore, the court reasoned that "the issue of infringement is not entirely common to Brookshire and Lilly, as proof of infringement by Lilly would not necessarily establish infringement by Brookshire." *Id.* at *8-9. It was only in those special circumstances that the

5

*UroPep* court deemed the customer-suit exception inapplicable. *Id.* The *UroPep* court never articulated the broad principle asserted by DoDots, namely, that simply accusing the supplier of indirect infringement and accusing the customer of direct infringement is enough to foreclose application of the customer-suit exception. *See generally id.*

This case is distinguishable from *UroPep*. DoDots asserts only the two patents containing apparatus claims against Best Buy and accuses Best Buy of directly infringing by reselling the very same products that it already bought from Samsung. *See* FAC ¶ 108 ("Defendant BBY has used, sold, sells, and offers for sale in its stores in this district certain Accused Samsung Devices."); *id.* at ¶ 109 ("BBY also sold and offered for sale each of the Accused Samsung Devices in this district through its online store . . . ."); *see also id.* at ¶ 140 (alleging Best Buy infringes the '083 and '407 patents by "supplying, distributing, importing, exporting, selling and/or offering for sale in the United States the Accused Samsung Devices that read on one or more claims of the '083 patent."); *see also id.* at ¶ 146 (same). DoDots' complaint says nothing about Best Buy carrying out claimed method steps. *See generally* FAC. Rather than *UroPep*, this case is akin to *Nintendo*, where the Federal Circuit granted mandamus directing the district court to stay the case as to retailer defendants who acted as resellers of products made by Nintendo, the "true defendant." *Nintendo*, 756 F.3d at 1365.

DoDots selectively quotes *UroPep* in arguing that "Federal Circuit Judge Bryson, sitting by assignment in the Eastern District of Texas, found that the customer-suit exception did not apply to cases where the 'manufacturers . . . are indirect infringers and customers . . . are direct infringers.'" Opp. 4. The full quote, however, belies that broad reading and focuses instead on the specific context of method claims, which is irrelevant here: "[C]ourts have declined to apply the customer-suit exception to cases in which the manufacturer is charged **as the indirect infringer**

6

*of a method patent* and the retailer is charged as the direct infringer." *UroPep*, 2016 U.S. Dist. LEXIS 55205, at *10. This case does not fall in the narrow category of the method claim cases where courts have declined to apply the customer-suit exception.

DoDots' argument that it can sue both Samsung and Best Buy for different sales of the same products merely because it accuses Samsung of indirect infringement (and direct infringement) and Best Buy of direct infringement also runs afoul of the patent exhaustion doctrine, whose "core notion [is] that exhaustion lifts legal restrictions on an authorized acquirer." *Helferich Pat. Licensing, LLC v. New York Times Co.*, 778 F.3d 1293, 1302 (Fed. Cir. 2015); *see also Glenayre Elecs., Inc. v. Jackson*, 443 F.3d 851, 864 (Fed. Cir. 2006) ("[A] party is precluded from suing to collect damages for direct infringement by a buyer and user of a product when actual damages covering that very use have already been collected from the maker and seller of that product."). DoDots sidesteps Samsung's exhaustion argument with no response and thus offers no solution to the problem that DoDots seeks double recovery for sales of the same products based on the same sets of patent claims.

DoDots further cites *Cal. Inst. Of Tech. v. Broadcom Ltd.*, 2019 U.S. Dist. LEXIS 231027 (C.D. Cal. 2019), suggesting that duplicative infringement and invalidity issues do not favor severing and staying claims. Opp. 4. But the *Broadcom* court contrasted the circumstances there from those at hand here, explaining that "only very late in the game did [Defendants] make this request for severance and stay" after "over three years of Defendants' presenting a single, 'united front' defense, including with representation by the same patent counsel and a significant number dispositive and non-dispositive motions filed collectively between them." *Broadcom*, 2019 U.S. Dist. LEXIS 231027, at *26-27. Against that backdrop, the court "d[id] not want to risk" "the possibility of two trials on this subject matter instead of one (even if the second might only relate

to damages disputes and tangential issues).” *Id.* at *26. *Broadcom* is therefore inapposite and lends no support to DoDots' argument. This case is at its infancy. Defendants have not answered the Complaint. DoDots' duplicative claims against Samsung and Best Buy (which DoDots does not deny) favors staying those against Best Buy.

### B. The Traditional Stay Factors Weigh In Favor of Severing and Staying DoDots' Claims against Best Buy

Unlike the customer-suit exception factors, which DoDots ignores completely, DoDots offers only a cursory attempt at arguing that the traditional stay factors favor not staying the claims against Best Buy. As an initial matter, when the customer-suit exception factors are met—which they are here—that is often dispositive and the traditional factors are not used. *See Flygrip*, 2022 WL 2373714, at *4 (declining to address the traditional stay factors).

Putting that aside, DoDots does not dispute that discovery is not complete (it has not even started) and there is no trial date, and so this traditional stay factor favors severing and staying DoDots' claims against Best Buy. DoDots also does not dispute that staying the claims against Best Buy would significantly streamline the technological issues in this case. DoDots never relies on any Best-Buy-made technology for its infringement theories. *See generally* Opp. Instead, all of the sources of technological evidence reside with Samsung or other third-parties such as Google, not mere resellers like Best Buy.

DoDots argues first that staying the case against Best Buy would complicate its damages case. DoDots demands it must collect information on Best Buy's "purchases from Samsung," sales, and profits to prove its reasonable royalty case. Opp. 6-7. But DoDots fails to explain why it should double-recover from Samsung and from Best Buy for sales of the same exact products. *Glenayre*, 443 F.3d at 864. Further, information about Samsung's sales to Best Buy would likely be equally available from Samsung, in which case it would be unnecessary to obtain that

8

information from Best Buy. And to the extent DoDots argues that Best Buy's profit evidence is necessary for its reasonable royalty case, that argument was also recently rejected by the Federal Circuit. *Cal. Inst. of Tech. v. Broadcom Ltd.*, 25 F.4th 976, 994 (Fed. Cir. 2022) ("[A] higher royalty is not available for the same device at a different point in the supply chain.").

DoDots also complains that, if the case against Best Buy is severed and stayed, DoDots "may be unable to obtain discovery regarding any sales made to Best Buy by the Samsung entity in Korea." Opp. 6. The reason, according to DoDots, is its speculation that "Samsung could try to argue that such discovery is irrelevant because those sales qualify as foreign sales . . . or it could argue that those sales are no longer implicated in a case where the Best Buy defendants are severed and stayed." *Id.* But these hypothetical arguments about the relevance of requested information does not equate to prejudice, and DoDots cites nothing to support that notion. At the appropriate time, DoDots is entitled under the rules to present its case that it is entitled to whatever discovery it seeks. Moreover, in the event DoDots' claims against Best Buy are severed and stayed, Best Buy is amenable to non-duplicative, limited discovery (within the scope defined by the applicable rules) on its sales of the accused Samsung products. DoDots fails to articulate any basis for unfair prejudice weighing against stay.

Lastly, DoDots argues that staying the case against Best Buy would prejudice DoDots at trial because DoDots "would be forced to proceed against Samsung for indirect infringement without charging any party with direct infringement." Opp. 7-8 (citing *UroPep*, 2016 U.S. Dist. LEXIS 55205, at *14). DoDots forgets that it has accused Samsung of direct infringement. FAC ¶¶ 117, 126, 133. DoDots' argument is just a repackaging of its flawed view that it can separately recover from both Samsung and its customer, Best Buy, for sales of the same products based on the same patent claims. *Glenayre*, 443 F.3d at 864. Moreover, for the reasons explained above,

9

*UroPep* does not support DoDots' flawed argument that it is entitled to recover from both entities simply because it accuses Samsung of indirect infringement (and direct infringement) and Best Buy of direct infringement. *UroPep*, 2016 U.S. Dist. LEXIS 55205, at *10.

The traditional stay factors favor severing and staying the case against Best Buy.

**III. CONCLUSION**

The Court should sever and stay DoDots' claims against Best Buy.

Dated: November 21, 2022  Respectfully submitted,

FISH & RICHARDSON P.C.

By: */s/ David M. Hoffman*
David M. Hoffman
TX Bar No. 24046084
hoffman@fr.com
111 Congress Avenue, Suite 810
Austin, TX 78701
Tel: (512) 472-5070
Fax: (512) 320-8935

Michael J. McKeon
DC Bar No. 459780
Adam R. Shartzer
DC Bar No. 994420
shartzer@fr.com
Michael J. Ballanco
VA Bar No. 87293
ballanco@fr.com
Ben Christoff
christoff@fr.com
DC Bar No. 1025635

Irene Hwang
CA Bar No. 344798
hwang@fr.com
1000 Maine Avenue, SW, Suite 1000
Washington, DC 20024
Tel: (202) 783-5070
Fax: (202) 783-2331

**COUNSEL FOR DEFENDANTS,
SAMSUNG ELECTRONICS CO., LTD.,
SAMSUNG ELECTRONICS AMERICA, INC.,
BEST BUY STORES, L.P., BESTBUY.COM, LLC,
AND BEST BUY TEXAS.COM, LLC**

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a) on November 21, 2022, and it was served via CM/ECF on all counsel of record.

*/s/ David M. Hoffman*
David M. Hoffman
