IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **DODOTS LICENSING SOLUTIONS LLC,**   *Plaintiff*<br><br>-vs-<br><br>**SAMSUNG ELECTRONICS CO., LTD., SAMSUNG ELECTRONICS AMERICA, INC., BEST BUY STORES, L.P., BESTBUY.COM, LLC, and BEST BUY TEXAS.COM, LLC,**   *Defendants.* | 6:22-CV-00535-ADA |

## ORDER GRANTING DEFENDANTS' MOTION TO SEVER AND STAY

Before the Court is Defendants' Motion to Sever and Stay Claims Under the Customer-Suit Exception filed on October 24, 2022. ECF No. 45. Plaintiff DoDots Licensing Solutions LLC ("DoDots") filed its response on November 14, 2022. ECF No. 51. Defendants filed a reply in support of their motion on November 21, 2022. ECF No. 53. After considering the parties' briefing, the relevant facts, and the applicable law, the Court **GRANTS** Defendants' Motion to Sever and Stay Under the Customer-Suit Exception.

### I. BACKGROUND

On May 24, 2022, DoDots filed this action against Best Buy Stores, L.P., BestBuy.com, LLC, Best Buy Texas.com, LLC (collectively, "Best Buy" or the "Best Buy Defendants"), Samsung Electronics Co., Ltd. and Samsung Electronics America, Inc. (collectively, "Samsung"). ECF No. 1. The amended complaint alleges that Samsung infringes of U.S. Patent Nos. 9,369,545 ("'545 patent"), 8,020,083 ("'083 patent"), and 8,510,407 ("'407 patent") (collectively, the "asserted patents"). ECF No. 29 at 1, 49. The amended complaint alleges that Best Buy infringes the '083 and '407 patents. ECF No. 29 at 49.

1

For Defendant Samsung, the amended complaint alleges that "Samsung directly and indirectly infringes [the '083 and 407 patents] . . . by, at least, making, using, supplying, distributing, importing, exporting, selling, and/or offering for sale in the United States the Accused Samsung Devices and/or Accused Samsung Devices together with the Accused Samsung Software in the United States." *Id.* ¶¶ 126, 133. DoDots accuses Samsung of "directly infring[ing] one or more claims of the '545 patent . . . by, at least, implementing, operating, executing and using in the United States, the Accused Samsung Software in each Accused Samsung Device." *Id.* ¶ 117. For the Best Buy Defendants, DoDots claims that Best Buy "directly infringes [the '083 and '407 patents] . . . by supplying, distributing, importing, exporting, selling and/or offering for sale in the United States the Accused Samsung Devices." *Id.* ¶¶ 140, 146.

Defendants filed this motion to sever DoDots' claims against Best Buy and to stay those claims pending the resolution of DoDots' claims against Samsung. ECF No. 45.

## II.     LEGAL STANDARD

A trial court has broad discretion to stay an action against a party to promote judicial economy. *Anderson v. Red River Waterway Comm'n*, 231 F.3d 211, 214 (5th Cir. 2000); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254−55, (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). Where suit is brought against a manufacturer and its customers, the action against the customers should be stayed pending resolution of the case against the manufacturer to promote judicial economy. *See In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365−66 (Fed. Cir. 2014).

The "customer-suit exception" to the first-filed rule provides that "litigation against or brought by the manufacturer of infringing goods takes precedence over a suit by the patent owner

against customers of the manufacturer." *Katz v. Lear Siegler, Inc.*, 909 F.2d 1459, 1464 (Fed. Cir. 1990). This exception "exists to avoid, if possible, imposing the burdens of trial on the customer, for it is the manufacturer who is generally the 'true defendant' in the dispute." *Nintendo*, 756 F.3d at 1365 (citation omitted). "[C]ourts apply the customer suit exception to stay earlier-filed litigation against a customer while a later-filed case involving the manufacturer proceeds in another forum." *Spread Spectrum Screening LLC v. Eastman Kodak Co.*, 657 F.3d 1349, 1357 (Fed. Cir. 2011). The Federal Circuit has applied the customer-suit exception to cases in which the supplier and customer are named as defendants in the same case. *Nintendo*, 756 F.3d at 1365.

To warrant a stay of the customer suit, the case involving the manufacturer "need only have the potential to resolve the 'major issues' concerning the claims against the customer—not every issue." *Spread Spectrum*, 657 F.3d at 1358 (citing *Katz*, 909 F.2d at 1464). Courts are instructed to use a "flexible approach" to avoid wasteful expenditure of resources, and therefore "stay[] proceedings if the other suit is so closely related that substantial savings of litigation resources can be expected." *In re Google Inc.*, 588 F. App'x 988, 991 (Fed. Cir. 2014); *see also Nintendo*, 756 F.3d at 1365−66 (determining that the customer-suit exception is "designed to facilitate just, convenient, efficient, and less expensive determination" (citations omitted)).

In determining whether the customer suit exception applies, courts analyzes three factors: "(1) whether the customer-defendant in the earlier-filed case is merely a reseller; (2) whether the customer-defendant agrees to be bound by any decision in the later-filed case that is in favor of the patent owner; and (3) whether the manufacturer is the only source of the infringing product." *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 2:17-CV-495-WCB, 2018 U.S. Dist. LEXIS 142173, at *14 (E.D. Tex. Aug. 22, 2018) (quoting *Vantage Point Tech., Inc. v. Amazon.com, Inc.*, No. 2:13-CV-909, 2015 U.S. Dist. LEXIS 675, 2015 WL 123593, at *2 (E.D. Tex. Jan. 6, 2015)). The

3

"guiding principles in the customer suit exception cases are efficiency and judicial economy." *Spread Spectrum*, 657 F.3d at 1357 (citation omitted).

The factors courts typically consider when determining whether to grant a stay include: "(1) whether a stay would unduly prejudice or present a clear tactical disadvantage to the non-moving party; (2) whether a stay will simplify the issues and trial of the case; (3) whether discovery is completed; and (4) whether a trial date has been set." *In re Trustees of Bos. Univ. Patent Cases*, No. CV 13-12327-PBS, 2014 WL 12576638, at *2 (D. Mass. May 16, 2014).

### III.  ANALYSIS

#### A.  Customer-Suit Exception

The Court holds that the customer-suit exception applies because: (1) DoDots' claims of infringement against Best Buy hinge on Best Buy's sale of Samsung's products; (2) the Best Buy Defendants have agreed to be bound by the outcomes of the claims against Samsung; and (3) Samsung is the only source of the accused products.

##### 1.  Whether the Best Buy Defendants Are Merely Resellers

Defendants argue that the Best Buy Defendants are merely resellers of the accused products because the amended complaint only accuses Best Buy of selling and offering for sale the accused Samsung devices. ECF No. 45 at 7. Defendants argue that DoDots' infringement claims against Best Buy rely on Best Buy's activities as a reseller. *Id.* Defendants note that DoDots' complaint identifies only Samsung hardware and Android software of infringing the asserted patents. *Id.* Defendants claim that because Best Buy only resells the accused Samsung devices, DoDots' case against Best Buy is duplicative of its case against Samsung. *Id.* at 8. Defendants argue that DoDots infringement claims will be exhausted if DoDots prevails against Samsung. *Id.* Further, Defendants

4

argue that the amended complaint does not show that the technical infringement and validity analysis will differ for Best Buy. *Id.*

DoDots argues that the customer-suit exception does not apply to a single action against a customer and manufacturer where there should not be a separate action against only the customer. ECF No 51 at 1. DoDots cites *In re Dell Inc.*, 600 Fed. Appx. 728, 730 (Fed. Cir. 2015) for this proposition. *Id.* at 2. In *Dell*, the Federal Circuit declined to grant a petition for mandamus on a district court's denial of a motion to stay claims against a customer-defendant. *Dell*, 600 Fed. Appx. at 728, 730. The Federal Circuit explained that "the claims here are related, and the complexity of the case could perhaps be simplified by a stay of some aspects of the proceedings while others go forward." *Id.* at 730. But the court noted that it was unaware of any case "that sets forth the proposition that a district court must stay proceedings against a customer in the very same litigation that will, regardless of the requested stay, go forward against the supplier." *Id.* Therefore, the Federal Circuit determined that the district court's ruling was not outside of that court's discretion in managing its docket. *Id.*

DoDots also argues that the customer-suit exception does not apply here because this is a single action in which the customer directly infringes and the manufacturer indirectly infringes. ECF No. 51 at 3. DoDots cites *Erfindergemeinschaft UroPep GbR v. Eli Lilly & Co.*, No. 2:15-cv-1202, 2016 U.S. Dist. LEXIS 55205 (E.D. Tex. Apr. 2, 2016). *Id.* In *UroPep*, a district court declined to sever and stay the claims against the customer-defendants because plaintiff needed to show that the customer-defendants directly infringed to prove that the manufacturer-defendant indirectly infringed. *UroPep*, 2016 U.S. Dist. LEXIS 55205, at *8. The court noted that the issue of infringement was not entirely common to the customer and manufacturer in that case because even if the manufacturer were found to induce infringement, that did not necessarily mean that the

5

customers directly infringed. *Id.* at *9. DoDots claims that this case is similar to *UroPep*. ECF No. 51 at 3. DoDots argues that the infringement issues related to Samsung and Best Buy are not common because DoDots accuses of Samsung of inducing Best Buy to sell the accused products and DoDots accuses Best Buy of direct infringement by selling and offering for sale the accused products. ECF No. 51 at 4. DoDots asserts that if its claims against Best Buy are stayed and DoDots is successful against Samsung, it will still have to prove direct infringement against Best Buy in a later trial. *Id.* In their reply, Defendants note that *UroPep* involved method claims, where the proof of indirect infringement required showing that the direct infringer completed the steps of the method claim. ECF No. 53 at 5.

Additionally, DoDots argues that there is no risk of duplicative proceedings because Samsung and the Best Buy Defendants are represented by the same counsel. ECF No. 51 at 3. In their reply, Defendants argue that the duplication of proceedings is not eliminated by the fact that the customer and manufacturer defendants are represented by the same counsel. ECF No. 53 at 4.

The Court agrees with Defendants. "Since [Samsung's] liability is predicate to recovery from any of the defendants, the case against [Samsung] must proceed first, in any forum." *Nintendo*, 756 F.3d at 1366. While DoDots alleges that Best Buy directly infringes the asserted patents, DoDots' infringement allegations center on Best Buy's sale or offer for sale of the accused Samsung devices. And although Samsung and the Best Buy Defendants are represented by the same counsel, that does not eliminate the risk of duplicative proceedings. Because DoDots' infringement claims against Best Buy likely rise and fall with DoDots' infringement claims against Samsung, the Court concludes that this factor weighs in favor of severing and staying the claims against the Best Buy Defendants.

DoDots' infringement claims here are different than those asserted in *UroPep*. In *UroPep*, the plaintiff's allegations against the manufacturer for indirect infringement did not necessarily show that the customer-defendants directly infringed. The plaintiff in *UroPep* would still need to show that the customer-defendants actually performed the claimed method steps. Here, however, because Best Buy is a mere reseller, DoDots' allegations against Best Buy depend exclusively on Best Buy's sale of the accused products. If Samsung's products infringe, Best Buy's "supplying, distributing, importing, exporting, selling and/or offering for sale" of Samsung's products necessarily infringes. ECF No. 29 ¶¶ 140, 146. As for *Dell*, the Court notes that while the Federal Circuit determined that the district court had not abused its discretion in that case, the Federal Circuit acknowledged in *Dell* that a stay may have been appropriate.

2. Whether the Best Buy Defendants Agree to Be Bound by the Outcome of the Samsung Claims.

The Best Buy Defendants agree to be bound by the outcome of DoDots' claims against Samsung. ECF No. 45 at 8. DoDots does not address this factor in its briefing. ECF No. 51. Because the Best Buy Defendants agree to be bound by the outcome of DoDots' claims against Samsung, the Court finds that this factor favors severing and staying the action against the Best Buy Defendants.

3. Whether Samsung Is the Only Source of the Infringing Product

Defendants argue that the amended complaint alleges that Samsung is the sole supplier of the accused products. ECF No. 45 at 8. Defendants note that DoDots' complaint does not implicate any supplier of the accused products other than Samsung. *Id.* at 9. DoDots complains that "Samsung's statement is deliberately coy." ECF No. 51 at 6. DoDots argues that Samsung has failed to affirmatively state that it is the only entity that provides the accused products to Best Buy. *Id.* DoDots argues that it does not have any information on which Samsung entity sells the accused

7

products to Best Buy. *Id.* DoDots argues that if the claims against Best Buy are stayed, DoDots would be unable to obtain discovery regarding sales made to Best Buy by a Samsung entity in Korea. *Id.* In their reply, Defendants state that "Samsung is the 'sole supplier' of the accused Samsung products." ECF No. 53 at 3. Defendants also note that "DoDots nowhere challenges the third customer-suit factor weighs in favor of stay, i.e., that its allegations are solely directed at Samsung for supplying the accused Samsung products." *Id.* at 3 n.1. Based on DoDots' complaint, it seems that the accused Samsung devices allegedly "suppl[ied], distribut[ed], import[ed], export[ed], s[old] and/or offer[ed] for sale" by Best Buy were supplied by Samsung. ECF No. 39 ¶¶ 140, 146. DoDots discovery concerns are premature. Thus, the Court determines that this factor weighs in favor of severing and staying the action against the Best Buy Defendants.

**B.     Traditional Stay Factors**

The Court gives great weight to the three factors considered under the customer-suit exception. But, for the sake of completeness, the Court considers the traditional stay factors and rejects Plaintiff's concerns as to each.

1.     <u>Whether DoDots Is Unduly Prejudiced by a Stay</u>

Defendants argue that a stay will not unduly prejudice DoDots because the stay would not delay DoDots' ability to litigate its claims against Samsung, the manufacturer of the accused products. ECF No. 45 at 9. Based on the allegations in the amended complaint, Defendants assert that the relevant technical information is in Samsung's or a third party's possession. *Id.* at 9−10. Defendants also claim that because DoDots' amended complaint only alleges that Best Buy infringes through its sale or offer for sale of Samsung's accused devices, DoDots' infringement claims against Best Buy rise or fall with DoDots' claims against Samsung. *Id.* at 9. In response, DoDots argues that it will be prejudiced because it will "be forced to proceed against Samsung for

8

indirect infringement without charging any party with direct infringement." ECF No. 51 at 7−8. DoDots again cites *UroPep* for the proposition that a court should not stay and sever claims against a customer-defendant accused of direct infringement when there are co-pending indirect infringement claims against a manufacturer-defendant. *Id.* at 8.

The Court finds that this factor weighs in favor of a stay. A stay in this case—where the accused product comes from the remaining defendant—does not significantly delay DoDots from litigating the question of infringement. While DoDots claims that its indirect infringement claims will be prejudiced if the Court severs and stays the case against the Best Buy Defendants, the Court disagrees. DoDots' indirect infringement theory is that Samsung "induc[es] Best Buy to sell the Accused Samsung Devices." ECF No. 51 at 4. Based on this indirect infringement theory, DoDots does not need to show that the direct infringer, Best Buy, performs any particular steps to infringe a method claim or adds any necessary components to infringe an apparatus claim. Best Buy's sales or offers for sale of the accused products infringe if Samsung infringes. Because of the nature of DoDots' indirect infringement claim, the Court finds that DoDots likely will not be unduly prejudiced by a stay.

        2.      <u>Whether a Stay Would Simplify the Issues in this Case</u>

Defendants argue that this factor weighs in favor of a stay because resolving the action against Samsung first will simplify the action against the Best Buy Defendants. ECF No. 45 at 10. Defendants argue that DoDots' case against Best Buy is duplicative of its case against Samsung. *Id.* And Defendants claim that it would simplify the issues to resolve the Samsung claims first because fewer parties will be involved in day-to-day litigation. *Id.* Defendants argues that staying the claims against the Best Buy Defendants will streamline the proceedings. *Id.* In response, DoDots argues that a stay would not simplify the issues before the Court because it would

9

complicate the damages issues. ECF No. 51 at 5. DoDots argues that proving damages requires information from customer defendants regarding their sales and profits. *Id.* at 6. DoDots claims that a stay is not appropriate because Best Buy is the main source of information for the profits and sales of indirect infringers. *Id.* DoDots argues that discovery on damages will necessarily include Best Buy. *Id.* DoDots also claims that it should be able to obtain information from Best Buy regarding Best Buy's relationship with Samsung. *Id.* at 7. In their reply, Defendants argue that DoDots fails to show why it would be able recover twice from both Samsung and the Best Buy Defendants for sale of the same product. ECF No. 53 at 8. Further, Defendants argue that the information DoDots seeks from Best Buy is also available to Samsung. *Id.* at 8–9.

The Court finds that this factor weighs in favor of a stay. As discussed above, the outcome of DoDots' claims against Samsung will "resolve the 'major issues' concerning the claims against the customer." *Spread Spectrum*, 657 F.3d at 1358. While DoDots may need information from Best Buy regarding its sales of the accused products, Samsung likely possesses the relevant information.

### 3. Whether Discovery Is Completed and Whether a Trial Date Has Been Set

Defendants argue that this factor weighs in favor of a stay because, at the time this motion was filed, discovery had not begun and a trial date had not been set. ECF No. 45 at 11. DoDots does not dispute the outcome of this factor. ECF No. 51. The Court notes that after briefing was complete on this motion, a scheduling order was entered in this case. ECF No. 57. Under the scheduling order, discovery has begun and the trial date has been set. *Id.* (setting the opening of fact discovery for June 25, 2023 and the trial date set for June 24, 2024). The Court finds that this factor weighs against a stay.

## IV. CONCLUSION

It is therefore **ORDERED** that Defendants' Opposed Motion to Sever and Stay Claims Under the Customer-Suit Exception is **GRANTED**. The Court's Clerk is directed to sever the claims against the Best Buy Defendants, including Best Buy Stores, L.P., BestBuy.com, LLC, and Best Buy Texas.com, LLC. The Best Buy Defendants will remain in this action for the limited purpose of allowing DoDots to conduct discovery. In the severed action against the Best Buy Defendants, the Court's Clerk is directed to include: Plaintiff's Complaint (ECF No. 1); Notice of Filing of Patent/Trademark Form (ECF No. 2); Rule 7 Disclosure Statement by DoDots (ECF No. 3); Notices of Attorney Appearances (ECF Nos. 5, 24, 32, 37); Summons Issued to Best Buy Defendants (ECF Nos. 6, 7, 8); Pro Hac Vice Letters (ECF Nos.); Motions to Appear Pro Hac Vice (ECF Nos. 14, 15, 16, 17, 18, 33, 34, 35, 36, 64, 67. 79); Orders Granting Pro Hac Vice (ECF Nos. 19, 20, 21, 22, 23, 41, 42, 43, 44, 65, 68, 81); Plaintiff's Amended Complaint (ECF No 29); Defendants' Motion to Dismiss for Failure to State a Claim (ECF No. 38); Best Buy Defendants' Rule 7 Disclosure Statement (ECF No. 39); Defendants' Motion to Sever and Stay Claims Against Best Buy (ECF No. 45); Plaintiff's Motion for Leave to File Amended Complaint and Response in Opposition to Joint Motion to Dismiss (ECF No. 46); Notice of Agreed Deadlines (ECF No. 47); Defendants' Reply to the Joint Motion to Dismiss for Failure to State a Claim (ECF No. 50); Plaintiffs' Response to Defendants' Motion to Sever and Stay Claims Against Best Buy (ECF No. 51); Plaintiff's Reply in Support of its Motion for Leave to File a Second Amended Complaint (ECF No. 52); Defendants' Reply in Support of Motion to Sever and Stay Claims Against Best Buy (ECF No. 53); Case Readiness Status Report (ECF No. 54); Defendants' Sealed Motion to Transfer Venue (ECF No. 58); Defendants' Certificate of Service for Motion to Transfer (ECF No. 60); Redacted Copy of Defendants' Sealed Transfer Motion (ECF No. 62); Notices of IPRs (ECF

Nos. 66, 69, 75, 89); Claim Construction Briefing (ECF Nos. 71, 73, 78, 82, 83); Plaintiff's Response to Defendants' Transfer Motion (ECF No. 80); Defendants Reply in Support of Transfer Motion (ECF No. 84); Redacted Version of Defendants' Reply in Support of Transfer Motion (ECF No. 87); the Protective Order (ECF No. 91); and this Order. The action against the Best Buy Defendants will be stayed pending resolution of DoDots' claims against Samsung.

**SIGNED** this 20th day of July, 2023.

_____
ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE